CASE 46—ACTION TO RECOVER DAMAGES FOR THE DEATH OF PLAINTIFF'S
    · INTE          MARCH 21.

# Illinois Central R. R. Co. v. Josey's Admx.

### APPEAL FROM MUHLENBERG CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

MASTER AND SERVANT—FELLOW SERVANTS—ACTION FOR CAUSING DEATH
    —RECOVERY FOR ORDINARY NEGLECT—CONTRIBUTORY NEGLIGENC

Held:    1. A section foreman, whose duty it was, in going over the road with his men, to control the brakes on the hand-car, in performing that duty, was the superior of the men on the car, and not their fellow servant, and therefore the master was liable for the death of one of them through his negligence in suddenly applying the brakes without giving notice of his intention to do so.

2. The negligence of deceased in not supporting himself by holding to the lever on the car does not preclude a recovery for his death, as the foreman, having knowledge of that fact, should have been the more careful not to suddenly check the speed of the car.

.3 An instruction that there could be no recovery for plaintiff's intestate's death unless the negligence of the superior servant was gross, was more favorable to defendant than it was entitled to, as that rule applies only to actions for injuries not resulting in death.

4. There can be no reversal for misconduct of counsel in argument unless the objectionable argument appears from the bill of exceptions.

.JOHNSON & WICKLIFFE, ATTORNEYS FOR APPELLANT.

.PIRTLE & TRABUE OF COUNSEL.

Illinois Central R. R. Co. v. Josey's Admx.

## POINTS AND AUTHORITIES.

1. The master is not liable to an employe for the negligence of a fellow servant. When a superior servant is engaged, with an inferior, in performing service ordinarily performed by the inferior, he becomes a fellow servant, and the master is not liable for his negligence. The same person may in, some things be superior, and in others a fellow servant, and in the latter event the master is not liable for injuries arising from his negligence. 3 Elliott on Railroads, sec. 1319, and authorities cited; Ashland Coal & Iron Co. v. Wallace, 19 Ky. Law Rep., 856; B. & O. R. R. Co., 149 U. S., 368; Nashville C. & St. L. R. Co. v. Gann, 47 S. W., 493, and cases cited.

2. The court ought to have granted appellant's motion to instruct the jury to find as in case of a non-suit. Upon such a motion the court is to determine not only the law of the case, but must also, for itself, pass upon the sufficiency of the evidence.

3 The instruction No. 4 is erroneous and misleading, and does not present the law of the case.

4 Misconduct in appellee's attorney in the argument before the jury is cause of reversal. McHenry Coal Co. v. Snedden, 17 Ky. Law Rep., 1261; Bennett v. State of Georgia, 12 L. R. A., 449, and cases cited; I. C. R. R. Co. v. Coleman, 22 Ky. Law Rep., 878.

CHARLES EAVES, FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. It is respectfully submitted by counsel for appellee, that the facts stated in the petition as amended constitute a good cause of action on behalf of appellee against appellant.

2. There are no grounds for the contention that the appellant's section foreman, Gayle, who, at the time of the catastrophe, was, as such foreman, in charge of the hand-car and of the section hands, and at work on the railroad, by suddenly applying the brake and thereby abruptly checking the speed of the car, running rapidly on down grade, was thereby transformed from a superior servant of the appellant to a fellow servant with said Josey.

3. The question of negligence on the part of the appellant, as well as the question of contributory negligence on the part of Josey, was properly submitted to the jury, and their verdict, being supported by evidence should not be disturbed.

4. The complaint as to the alleged statements of Judge Eaves in his concluding argument to the jury, is not supported by the record. The court below in passing on the motion for a new trial sup-

Illinois Central R. R. Co. v. Josey's Admx.

posed that the fifth ground for a new trial had been abandoned, since not a word of testimony was adduced in support of the alleged ground.

The judgment appealed from should be affirmed with damages.

·OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

F. M. Josey was a section hand employed by the appellant, being one of the force of which G. W. Gayle was foreman ·or boss. One of the duties of the section foreman and such of his force as he desired to aid him was to go over the section on certain days to ascertain whether any stock had been killed along the line of the road, and see the condition ·of the track. To accomplish this it was necessary to go ·on a hand car, which the appellant furnished for that purpose. In July, 1898, Gayle took a number of his section men, together with Josey, and started along the line to perform the duty mentioned above. Some of the men rode on the rear end of the car, with their faces in the direction it was moving, and others with their backs in that direction. Among the latter was Josey. The car was moving down grade at a pretty rapid rate of speed, when, as the testimony of appellee conduces to show, foreman Gayle unnecessarily put his foot upon a lever which applied the brakes to the wheels, thus causing the car to suddenly ·check its speed, throwing Josey in front of it, and it passed over his body, inflicting injuries from which he shortly thereafter died. The testimony introduced by plaintiff conduces to show that the foreman gave no warning of his intention to apply the brakes to stop the car. The ·defendant sought to show that deceased fell off of the car by reason of his own carelessness and negligence, and thus lost his life, and that the foreman did not apply the brakes until the deceased was in the act of falling off of the car, and it was done in an effort to prevent it from passing

over him.   The defendant sought to show that the deceased fell off of the car because he did not have hold of the lever which was used in propelling it.  The court, in instructions, submitted the questions at issue to the jury, and it could not have found against the appellant except upon the idea that Gayle applied the brakes to the wheels of the car, thus causing a sudden stop, and consequently threw the deceased therefrom, which resulted in the loss of his life.

Counsel for appellant urge in argument that, when a superior is engaged with an inferior servant in performing services ordinarily performed by the latter, he becomes a fellow servant, and the master is not liable for his negligence; that the same person may in some things be a superior, and in others a fellow servant, and in the latter event the master is not liable for injuries caused by his negligence.   If the principle contended for by counsel is conceded to be correct, still it has no application to this case.   The section foreman, Gayle, directed the movements of his force.   He determined when the car should be placed upon the track and the place where it should be stopped.   His duty placed him on the car, where he was when this accident occurred; and, furthermore, it was his duty to manage and control the brakes.   He was not performing the duty of one of the section men in manipulating the brakes on the car, thus controlling its movements, but was performing the duty imposed upon him by reason of the fact that he was foreman of the crew, directing and controlling their movements, as well as the car.   He controlled the brakes on that car as an engineer upon a locomotive engine does the air brakes upon a train.   While it is not done by steam, as in the former case, he supplied the force which applied the brakes to the wheels of the car.   When a fireman is present performing his duties on

the engine by supplying it with fuel, thus generating the steam which propels the engine, and makes it possible for the engineer to control the movement of the train by applying the brakes, the relation of fellow servant does not exist between them; and, if the engineer should negligently apply the brakes, and cause the train to give a sudden movement, throwing the fireman from the engine, certainly no one would contend that the master was not responsible for the negligent act of the engineer. In such case he is not the fellow servant of the fireman; neither was the foreman of the section crew the fellow servant of the deceased. Counsel for appellant cite the case of Railroad Co. v. Gann (Tenn. Sup.) 47 S. W. 493, in support of their position. That is a case of the Tennessee supreme court, which recognizes that the foreman of a section crew is not the fellow servant of the section men. The facts of that case were substantially the same as in this case, and the court there held that, although the foreman was not the fellow servant of the section men, still, as he was performing a service ordinarily performed by section men, he became a fellow servant. The facts of that case show that it was the duty of the foreman to manipulate the brakes of the hand car, and control its movements, as well as direct the men in charge of it. We fail to understand, in view of those facts, how the court concluded that the section foreman was performing a service ordinarily performed by one of the inferior servants. Under the facts of that case the court, in our opinion, erroneously reached the conclusion that the foreman was performing a service ordinarily performed by a fellow servant. In that as in this case he was performing a duty which was imposed upon him by reason of the fact that he had charge of the force and of the hand car, the brakes of which it was his peculiar duty to manip-

ulate.  In the case of Railroad Co. v. Coleman, 59 S. W., 13, this court held that a yard master was not a fellow servant of one of the servants employed in the yard when he was assisting that servant in the manipulation of car couplings.

It is urged that the deceased was negligent in not supporting himself by holding to the lever on the car while it was traveling at the rate of speed it was when the accident happened.  The testimony offered by the defendant tends to show that he was not thus supporting himself.  In our opinion instead of that testimony aiding the defendant, it had the contrary effect.  If he was standing upon the hand car without any support, then the greater reason why the section foreman should not have applied the brakes to the car so as to suddenly check its speed.  The foreman could see his position, and must have known the peril in which he would be placed if the car was suddenly checked.  According to the testimony of all the witnesses in this case, there was no occasion for stopping the car at the place where the accident happened.  The appellant did not endeavor to show that it was necessary to apply the brakes at that place, except in an effort to protect the deceased when he was discovered falling from the car.

The instructions which the court gave the jury were more favorable to the defendant than it was entitled to receive.  Under them the plaintiff could only recover compensatory damages by showing gross negligence.  The administratrix was entitled to compensatory damages if the death resulted from negligence, and to punitive damages if it was the result of gross negligence.  Section 6, c. 1, Kentucky Statutes.  There are many decisions of this court to that effect.  It is only by virtue of the constitution and the statute that there can be a recovery of dam-

ages for the loss of life occasioned by negligence. If the accident had not resulted in Josey's death, and he had sustained injuries thereby, he could have maintained his action by showing that it was the result of gross negligence. This peculiar condition of the law results from the facts that the right of action for the loss of life is given by the Constitution and statute, and the other right to recover for injuries exists at common low.

Counsel urge that the case should be reversed because of objectionable argument or language employed by counsel for appellee on the argument of the case before the jury. The bill of exceptions does not even show what counsel said in arguing the case before the jury; hence there is nothing for the court to consider in respect to that matter. The judgment is affirmed.

Petition of appellant for modification of judgment overruled.