CASE 101—ACTION FOR PERSONAL INJURIES—MAY 14.

# Cincinnati N. O. & T. P. Ry. Co.'s Receiver
# v. Roberts.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS AFFIRMED.

MASTER AND SERVANT—FELLOW SERVANTS—INJURY TO LOCOMOTIVE EN-
GINEER IN COLLISION—NEGLIGENCE OF TRAIN DISPATCHER PROXI-
MATE CAUSE.

Held: 1. Where plaintiff, the engineer in charge of the second of
two engines drawing a train, was injured in a collision with
another train, he was not entitled to recover, if the collision
was caused by the negligence of the engineer on the first en-
gine of his train; they being fellow servants.

2. Though the engineer on the first engine of plaintiff's train may
have been negligent, the jury was authorized to conclude that
the proximate cause of the injury was either the gross negli-

Cincinnati N. O. & T. P. Ry. Co.'s Receiver v. Roberts.

gence of the train dispatcher in disobeying a rule providing that there "should always be at least one station between those at which opposing trains receive meeting orders," or the gross negligence of the engineer of the opposing train in running his train beyond the block signal, for either of which plaintiff may recover.

3. Defendant can not complain of an instruction telling the jury to find for defendant if they believed that the engineer in charge of the first engine of plaintiff's train was negligent, and that his negligence caused the collision of the two trains, "without any gross negligence concurring therewith upon the part of defendant's servants who gave the order for the meeting of the two trains, and the servants of defendant in charge of the other train."

SIMRALL & GALVIN, ATTORNEYS FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. An employe can not recover against the master for the negligence of a fellow-servant in same grade and line of service.

2. A servant can not recover for negligence of a co-employe of a different or superior grade or rank, unless the negligence of such co-employe was gross negligence. L. & N. R. R. v. Coniff, 90 Ky., 560; Avery v. Meek, 96 Ky., 192; East Tennessee R. R. Co. v. Campbell, 15 Ky. Law Rep., 813; L. & N. R. R. v. Rains, 15 Ky. Law Rep., 423; Robinson v. L. & N. R. R., 15 Ky. Law Rep., 626; L. & N. R. R. v. Brantley, 96 Ky., 297.

3. Train dispatcher was not guilty of gross negligence.

4. Engineer of train No. 36 was not guilty of gross negligence.

5. Proximate cause of accident was the negligence of appellee, and the negligence of a fellow-servant of appellee in same grade and line of service.

6. Error in admission of evidence.

7. To recover for special damages for loss of time. The special damages must be alleged as well as proven. Ency. of Pleading and Practice, vol. 5, pp. 717, 719; Pueblo v. Griffin, 10 Col., 367; L. & N. R. R. v. Hudson, 1 Ky. Law Rep., 66; Jesse v. Schuck, 11 Ky. Law Rep., 463; South Cov. & Cin'ti St. Ry. v. Ware, 84 Ky., 267, Newman on Pleading, pp. 411, 412, 429, 441, 450, 507;

8. Error in giving instructions.

9. Error in refusing instructions.

M. L. HARBESON AND WM. GOEBEL, FOR APPELLEE.

## AUTHORITIES CITED.

1. Where the negligence of a fellow servant and the negligence of the master, or of other servants not fellow servants of the per-

son injured, concur in producing the injury, the master is liable and the negligence of the fellow servant is no defense. Grand Trunk Ry. Co. v. Cummins, 106 U. S., 700; Quebec Steamship Co. v. Merchant, 133 U. S., 375; C. R. I. P. & Co. v. Sutton, 63 Fed. Rep., 394; Young v. N. J. & N. Y. Ry. Co., 46 Fed. Rep., 160; Young v. N. J. & N. Y. Ry. Co. on appeal, 49 Fed. Rep., 732; Pullman Palace Car Co. v. Harkins, 55 Fed. Rep., 932; Union Pac. Ry. Co. v. Callahan. 56 Fed. Rep., 988; Northwestern Fuel Co. v. Danielson, 57 Fed. Rep., 915; Clyde v. R. & D. R. R. Co., 59 Fed. Rep., 394; Northern Pac. R. R. Co. v. Porier, 67 Fed. Rep., 881; C. & P. K. Ry. Co. v. Chambers, 68 Fed. Rep., 148, 81 Fed. Rep., 578; Bailey on Masters' Liability to Servants, p. 439, and cases cited; Buswell on Personal Injuries, 2 Ed., p. 201, and citations; 1 Bevein on Negligence; 2 Ed., 743, and citations; Shearman & Redfield on the Law of Negligence; 5 Ed., vol. 1, p. 292, &c.

The objection to a general allegation of a pleading, pleading matters of special damage, is waived, unless a motion to make the pleading more definite and certain is made. The failure to require it to be made more definite and certain, waive the indefiniteness of the pleading. Luck v. Ripon, 52 Wis., 520; Columbia R. Co. v. Hawthorne, 3 Wash. Ter., 353; Joslin v. Grand Rapids Ice Co., 50 Mich.; Texas Cent. Ry. Co. v. Burnett, 80 Tex., 536; Bast v. Leonard, 15 Minn., 312; M. v. Shrunk, 79 Iowa, 22; Smith v. C. & A. Co., 119 Mo., 225.

Under what allegations, damages for loss of time may be recovered, in addition to the cases cited under preceding head, see Connor v. Pioneer Fire Proof Co., 29 Fed. Rep., 631; Bierback v. Goodyear Rubber Co., 54 Wis., 208; also 68 Wis., 520; Cleveland v. New Jersey S. B. Co., N. Y. Supp., 30; Gurley v. The Mo. Pac. Ry. Co., 122 Mo., 151; Evansville & Terre Haute Railroad Co. v. Holcomb, 9 App. C. R.; City of Bloomington v. Chamberlain, 104; Pennsylvania & Ohio Canal Co., 63 Pa. St., 299; Hubert v. Bedell, 21 N. Y. Supp., 305; Ehrgot v. N. Y., 96 N. Y., 264.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellee, Roberts, was an engineer on appellant's road, and, while on the second engine, where two were engaged in pulling one train—a "double header," as it is called—was injured by a collision of the two trains meeting. To recover damages for such injuries this action was

brought. The negligence complained of was that of the train dispatcher in giving orders as follows: "No. 36 will get this order at meeting point, and meet No. 37 at Blanchett. Nos. 37 & 32 will meet at Hinton"—and of the engineer of train No. 36 in running beyond the signal block. Appellee was on the second engine of No. 37. Appellant denied negligence, and pleaded that, if there was negligence, it was that of a fellow servant of appellee, and then pleaded contributory negligence of appellee, but for which the injury would not have occurred. Upon trial a verdict and judgment for $1,800 for appellee resulted, and, after appellant's motion for a new trial was overruled, it prosecuted this appeal.

On the trial the uncontroverted facts were that No. 37 was going south, and was a heavy freight, with two engines. No. 36 was also a freight, going north. At Williamstown, a station about eight miles north of Blanchett, the engineers of No. 37 received the order, *supra*, from the train dispatcher at Lexington. The same order was sent to No. 36 at Blanchett, but was not delivered till after the accident. At the meeting point, train No. 36 was entitled to the main track, and No. 37 had to take the side track. The engineer on No. 36, not knowing of the meeting order, when he reached Blanchett ran his train past the block signal, and past the switch where No. 37 would go onto the siding. The engineer of No. 37, coming on to take the side track, collided with No. 36 before it reached the switch, and appellee was injured. It was shown at the trial that a rule of the company provided: "Meeting orders must not, under any circumstances, be sent for delivery to a meeting point. There should always be at least one station between those at which opposing trains receive meeting orders." This rule was disregarded by the.

train dispatcher in giving the order. Appellant offered testimony tending to show that the engineer on the first engine of train No. 37 might, by exercising care, have avoided the injury, notwithstanding the negligence of the train dispatcher, or that of engineer No. 36. It also offered testimony tending to show that appellee could have prevented the collision; he could control the movements of train 37 as well as the first engineer. Appellant, upon this proof, asked, and the court refused, to peremptorily instruct the jury to find for appellant. We are of opinion that this was not error. Appellee had a right to have the jury pass on the question as to whether negligence of the train dispatcher and engineer of No. 36 was the cause of his injury.

On the trial the court gave instructions to the jury permitting a recovery if they should believe the collision was the result of the gross negligence of the train dispatcher and of the engineer in charge of No. 36, unless appellee was guilty of contributory negligence. Instruction No. 3 reads: "If the jury find that the engineer in charge of and control of the first engine, drawing the southbound train, was negligent, and that his negligence caused the collision of the two trains in the testimony mentioned, without any gross negligence concurring therewith upon the part of defendant's servants who gave the order for the meeting of the two trains at Blanchett and the servants of defendant in charge and control of the northbound train, then the jury should find for the defendant." To this instruction appellant objected. We are at a loss to understand the ground of appellant's objection to this instruction. It seems to us to plainly tell the jury there can be no recovery for the negligence of the engineer on the first engine of 37, who was appellee's fellow ser-

vant, without the concurrence therewith of gross negligence of the train dispatcher who gave the order and the servants on No. 36. If the injury occurred by reason of the negligence of the fellow servant alone, there could be no recovery. The converse of this was not given. The first instruction permitted a recovery for the gross negligence of the train dispatcher and the servants on train 36, no one of whom was a fellow servant of appellee. There is no instruction permitting a recovery for the negligence of any fellow servant of appellee.

Counsel for appellant argues that it can not be said that the negligence of the train dispatcher proximately contributed to the injury, nor that the negligence of the engineer of No. 36 in running past the block signal did. It seems that, in the management of its trains, appellant did not regard the signal board to stop, as sufficient to guard against danger to opposing trains at meeting points. As supplementary to the signal board, and in order to guard against the very kind of accident that here happened, a rule as quoted, *supra,* was provided for opposing trains at meeting points. If the negligence of the engineer of No. 36 was caused by his ignorance that he was to meet No. 37 at Blanchett, the original fault of the train dispatcher may be considered as reaching to the effect, and proximately contributing to the injury. So, also, if the first engineer of 37, having the order to meet No. 36 at Blanchett, which engineer of 36 had not, and knowing that train No. 36 had the right of way, and his train must take the side track, and thus was not on the proper lookout, and did not take precaution to prevent a collision before he came to the switch where he was to take the siding, and a collision was had before he reached that point, because of the negligence of the en-

gineer of No. 36, caused by the fault of the train dispatcher, it could not be said that appellee's injury was caused by the negligence of a fellow servant. The jury might well conclude that all the facts constituted a chain of events so connected as to make a natural whole, and that, whatever the negligence of the engineer of No. 37 or of No. 36, it was caused by the original fault of the train dispatcher, and so the cause of the injury may be directly traced to his failure to obey the rule to give meeting orders at a station beyond the meeting point. However, if the injury was caused by the sole negligence of the first engineer of No. 37, appellee could not recover, because they were fellow servants. This the jury was told in instruction No. 3. We think the jury were fairly instructed as to the law. If the injury was caused by the gross negligence of the train dispatcher or the engineer of No. 36, appellee could recover; if by the negligence of the engineer of No. 37, he could not. Under the proof, they might well have concluded that the proximate cause of the injury was the fault of the train dispatcher in violating the rule in giving the meeting order. The verdict is supported by the evidence, and, perceiving no error, the judgment is affirmed.

Petition for rehearing, by appellant, overruled.