CASE 68.—ACTION BY JOHN WILLIAMS AGAINST THE RE-
LIANCE TEXTILE & DYE WORKS.—Nov. 18, 1909.

## Reliance Textile & Dye Works v. Williams

Appeal from Kenton Circuit Court (Common Law
and Equity Division).

M. L. HARBESON, Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

1.  Master and Servant—Injury to Servant—Fellow Servants.—
    Where the undisputed evidence showed that a servant was in-
    jured in consequence of an act committed by a fellow servant,
    there could be no recovery from the master.

On re-hearing:

2.  Master and Servant—Res Ipsa Loquitur—Application of Rule.
    —The doctrine of res ipsa loquitur is only applicable where
    there is no evidence as to what put in motion the thing that
    caused the injury, and does not apply where the evidence
    shows that the fall of a bale of cotton, injuring plaintiff, was
    either caused by a fellow laborer pushing it over, or by being
    jarred out of place in the hurry and confusion of getting down
    and removing tiers of the bales.

GALVIN & GALVIN and R. H. GRAY for appellant.

B. F. GRAZIANA for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Revers-
ing.

In January, 1907, the appellant company had
stored in its warehouse several hundred bales of
tightly compressed cotton goods. These bales, which

weighed some 500 or 600 pounds each, were piled in the warehouse on top of each other in tiers. The appellee, Williams, was injured by one of these bales falling on his foot from the top of a tier in which it was placed. To recover for the injuries sustained he brought this action, and a jury assessed his damages at $1,000.

A motion in behalf of the appellant for a peremptory instruction was made at the conclusion of the evidence for the appellee, and renewed when all the evidence was in. We have reached the conclusion that this request should have been granted. The appellee was entirely familiar with the arrangement and location of the bales in the warehouse, as he had been working in and about it some three months, and his duties as porter and laborer required him to handle and move the bales. He was the only witness in his behalf who testified as to the falling of the bale, its location immediately before it fell, and the position in which he was standing when it fell. He said repeatedly in the course of his examination that he did not know what caused the bale to fall, and further that several persons—one of them being Sidney Fox—were engaged as co-laborers with him at the time it fell, helping to remove the bales from the warehouse. Fox, being introduced by the appellant, testified that he toppled the bale over so that it might fall on the floor to be carried out, but that before doing so he notified Williams and others, who were present, to get out of the way, and supposed they had done so.

The uncontradicted evidence upon three vital points in the case is (1) that appellee did not know what caused the bale to fall; (2) that Fox intentionally threw it off the tier so that it might be carried

Reliance Textile & Dye Works v. Williams.

out; and (3) that Fox was a fellow servant of Williams. With these three propositions undisputed, appellee had no case to submit to a jury.

Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.

ON REHEARING, OPINION BY JUDGE BARKER.

It is insisted by counsel for appellee that the doctrine of res ipsa loquitur should be applied to this case. But this can not be, as there is evidence showing why the bale fell, and the rule of res ipsa loquitur is only applicable when there is no evidence as to what put in motion the thing that produced the injury, and the cause that produced it is unexplained or unaccounted for. The appellee, who was the only witness in his own behalf as to what took place at the time of the accident, testified time and again that he did not know what caused the bale to fall, although he did say that a good many fellow laborers were at the time hurriedly engaged in taking down and removing these bales, and he did not know whether it fell on account of a jar, or some one pushed it on him.

It is said in the petition for rehearing that the statement in the opinion that the undisputed evidence was that Fox pushed the bale over that struck appellee is inaccurate, as appellee testified that Fox did not push it over. In his redirect examination appellee was asked: ''Will you please tell the jury if, just prior to the time you were injured, he (Fox) was standing upon a bale, and shoved one of the bales over, and in shoving it over he called out, 'Is it all right?' or some words like that? A. He did.'' In other parts of his redirect examination he said

that on his way to the place where he was when the bale fell on him, and when about 25 feet from it, he passed Fox, and did not see him again until after the bale fell. He was asked: "You didn't know anything about what occurred, or what Fox did, after you passed him? A. I never seen Fox until after I was hurt—after I met him above me 20 or 25 feet. Q. After you passed him 20 or 25 feet from this bale, you never saw him again until after you were hurt, sitting on a keg? A. Yes, sir. Q. You don't know where he was during that time? A. That was the last time I seen him there. I noticed he was with a lot of men coming in and out. They were hurrying them on." But he stated in another part of his direct examination that Fox did not throw or push the bale over, and this question and answer were overlooked in writing the opinion. But, aside from this, it was not material whether the statement of Fox and others that Fox pushed the bale over was contradicted or not, as it is not denied that the bale was caused to fall either by Fox pushing it over, or being jarred out of place in the hurry and confusion of getting the bales out.

The petition for rehearing is overruled.