## John Hanning Distilling Company v. Nischan's Administrator.

(Decided October 4, 1912.)

### Appeal from Davies Circuit Court

1. Master and Servant—Death of Servant—Action For Damages—Peremptory Instruction.—In an action for damages for the death of a servant injured in the master's employ, evidence examined and held that the decedent was either superior or equal in authority to the other servants whose negligence caused his death, and the trial court erred in failing to award a verdict in favor of the defendant.

2. Master and Servant—Insufficient Force To Do The Work.—No right of action can be predicated on the failure of the master to furnish a sufficient force to do the work, where the number of men actually furnished is sufficient, but plaintiff's intestate, acting as foreman, ordered some of them to assist him, thus leav-

ing an insufficient force to properly do the work, the improper performance of which occasioned his death.

3. Master and Servant—Fellow Servants.—Where several workmen are engaged in repairing a warehouse shed by removing the old posts and replacing them with new ones, a servant doing the brick work, if not inferior in authority to those doing the carpenter work, is, so far as he is concerned, their fellow servant, since they are engaged in the same common work, and same department thereof; and for the negligence of the other servants resulting in his death, no recovery can be had.

4. Master and Servant—Fellow Servant—Pleading—Answer—Sufficiency of Denial.—An answer which denies that decedent and certain carpenters were under separate employment, and further denies that they were not directly associated or immediately employed with him, and that he had no means of knowing their qualifications for said work, or voice in their selection, or control over their conduct, and could not have protected himself from their carelessness, sufficiently negatives the idea that decedent and the other workmen were fellow servants, although failing to deny that decedent was the engineer in charge of the machinery in the distillery building, and, under the direction of defendant's agent superior in authority to him, was engaged in building a brick pillar as a support for the wood work of a porch, separate from the distillery building, which the defendant was having repaired by carpenters employed for that purpose.

SWEENEY, ELLIS & SWEENEY, WM. MARSHALL BULLITT, KEITH L. BULLITT and BRUCE & BULLITT for appellant.

R. A. MILLER, LA VEGA CLEMENTS and LITTLE & SLACK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Fred Nischan, while engaged in repairing a shed in front of one of the warehouses on the premises of the John Hanning Distilling Company, was struck by a falling post and killed. His administrator brought this action to recover damages. In the original petition the action was predicated on the gross negligence of the Distilling Company in failing to furnish the decedent a reasonably safe place in which to work, and reasonably safe appliances with which to perform the work which he was directed to do. By amended petition, it was further alleged that the Distilling Company failed to furnish a sufficient number of men to preform the work and to handle the wooden column which fell on decedent, and also negligently failed to furnish any or sufficient appliances or means with which to do the work with reason-

able safety, all of which the defendant knew, or by the exercise or ordinary care could have known. Issue was joined upon the allegations of the petition and amended petition, and defendant further pleaded contributory negligence on the part of the decedent. On the first trial the jury returned a verdict in favor of defendant. Motion and grounds for a new trial were filed in due time and sustained. The second trial resulted in a verdict and judgment for plaintiff in the sum of $3,090.00. The Distilling Company appeals.

The record discloses the fact that there were a number of employes of the Distilling Company who, upon completion of their work in the distillery proper, were required to make certain repairs about the premises. On the day of his death, Nischan was engaged with several other workmen in taking out the posts and sills from beneath the shed in front of the warehouse, and replacing them with new ones. The shed was about 112 feet long, 18 feet wide and 13 feet high. The eaves of the shed were supported by posts eight feet apart. The posts were four by six inches in size. At the time of the accident Nischan was engaged in building a brick pillar at the third post from the end of the shed. While so engaged the fourth post, which was eight feet distant, fell and struck him. The workmen had previously set the post on the edge of the porch, and had pushed it up against the nails that protruded through the plate that had been nailed into the old post. Pate, McAtee, Porter, Arnold and Nischan had been assigned to this work. When the post was pressed against the nails and plate, Porter was holding it. McAtee was in the gutter, engaged in driving the nails out of the plate so that the post could be properly placed. While driving these nails, the post fell and struck decedent. McAtee, who testified for the plaintiff, says that Nischan was in charge of all the repair work, though Pate was foreman of the carpenters. That he, Pate, Porter and others received orders from Nischan, and obeyed those orders. He and the others were there perhaps two or three afternoons before Nischan began to assist in the work. He further stated that they did not have any ropes to put up the posts with, but that there were plenty of ropes and tackle about the warehouse, and that Nischan knew of this fact. There were four men there that day, and these were amply sufficient to do the work. Witness also testified that the post would not have

fallen if Porter had not let go. Witness further testified that he, Porter, Pate and Arnold were day laborers, and that none of them had any authority over witness on the occasion in question, but that Nischan alone had authority over him and the others; that Nischan was foreman inside the distillery, and was also foreman of all repair work outside of the distillery. John P. Davis, a contractor, testified that he examined the size of the posts under the shed in question; that the proper way to put in a post was to tie a rope and blocks to it, pull it up and hold it in place until it could be fastened; that it was dangerous to set the post and prop it with only one man to hold it; that it would have taken two or three men to hold the post in position. He further testified that a post like the one in question would weigh four or five pounds to the square foot, board measure; that it would be very difficult for enough men to get hold of the post to hold it in place. Albert Nischan, decedent's brother, testified that from October until the distillery started on December 16, Mr. Pate was foreman of the carpenter crew outside of the distillery building; that the decedent never acted as foreman or boss of the carpenter crew on any of the outside work; that the decedent was simply foreman inside the distillery. On cross-examination, witness admitted that he did not know what authority decedent had on the outside; that he knew nothing about it.

The evidence for the defendant is, in brief, as follows:

J. F. Vessels, the former superintendent of the distillery, but who was engaged in farming at the time he testified, stated that McAtee, Porter and Pate were all day laborers, and paid by the day; that Nischan was, paid a salary of $15 a week, and had entire control of the employes inside of the distillery building, and on the day of the accident was in control of the repair work. Witness directed the other men to report to Nischan. Nischan was in charge of all the repair work; that there were timbers, blocks and tackle about the place, easily accessible if they had been needed to do the work. J. A. Porter testified that he, Pate and McAtee were subject to Nischan's orders; that Nischan ordered him to help Pate and McAtee to repair the porch; that Nischan ordered him to stand up against the post and hold it; that while he was holding it, Nischan ordered him to

leave the post and get a bucket of water for thinning the mortar; that he left the post and, returning with the water, was ordered by Nischan to pour it while Nischan mixed the mortar; that while he was thus engaged in pouring the water for Nischan, the post, being unsupported, fell. J. C. Pate testified that he, Porter and McAtee always obeyed Nischan's orders. Nischan was in sole charge of the repair work on the porch. Witness attempted to make one of the brick pillars, and Nischan laughed at it and kicked it over. At the time of the accident, he was collecting brick in pursuance of an order given by Nischan, and Porter was pouring water for Nischan. Just before the accident, Arnold, another workman, had been ordered away by Nischan. Miss Pearl Monarch testified that she was a bookkeeper, and in charge of the books and pay-rolls. Vessels was superintendent of the distillery, and Nischan, was next in authority, with control over Porter, McAtee, Pate and the other laborers in all work about the premises.

There can be no doubt that the overwhelming weight of the evidence, if not all of the evidence, of the witnesses who actually knew, is to the effect that Nischan was the foreman in charge of all the laborers engaged in repairing the shed at the time of the accident. It is not contended, nor is there a single circumstance tending to show, that Nischan was inferior in authority to the other employes. It, therefore, follows that he was either superior in authority or equal in authority to them. Counsel for appellee claim that the Distilling Company was negligent in failing to furnish a sufficient number of men to do the work with reasonable safety, and in failing to furnish them with reasonably safe appliances for doing the work. While the contractor, Davis, testifies that the proper way to have done the work was by the use of rope and tackle, he admits that two or three men could have held the post in place. Not only so, but this is a fact which the common sense of everyone will readily admit. If that be true, then the company was not negligent if it furnished a sufficient number of men to do the work, for, they could have done it without the use of rope and tackle. The undisputed evidence shows that McAtee, Porter, Pate, Nischan and perhaps Arnold were assigned to this work. Even if we exclude Nischan on the theory that he was engaged in doing the

brick work only, there is not the slightest evidence in the record tending to show that the number of men actually assigned to the work was·not sufficient to do the work with reasonable safety to all those so engaged. The undisputed evidence further shows that Porter, who had been told by Nischan to hold the post, was ordered to get water for the purpose of mixing the mortar. Pate was ordered by Nischan to collect some brick. Arnold was also sent away by Nischan. If, then, Nischan was foreman, no right of action can be predicated on the company's failure to furnish a sufficient number of men to do the work, for it did furnish them, and their failure to do the work properly was due to Nischan's orders for them to leave the post in question and do other things. In other words, the accident was due not to a failure on the part of the company to furnish a sufficient number of men, but solely to Nischan's conduct in requiring them to engage in other work. On the other hand, if the post fell because Porter let go of it, or the other workmen with him failed to hold it, then the injury resulting in Nischan's death was due to the negligence of a fellow servant. In this State, the fellow servant doctrine prevails with two exceptions; first, where the servant is injured by the gross negligence of another servant superior in authority to him; second, where the servant is injured by the negligence of another servant in a different department or grade of employment. Louisville Railway Co. v. Martin Hibbitt, 129 S. W., 319, 139 Ky., 43; Milton's Adm'x. v. Frankfort & Versailles Traction Co., 139 Ky., 53. As before stated, McAtee, Porter and Pate were not superior in authority to Nischan. If Nischan was not their foreman, they were all equal in authority. Counsel for appellee insists that because they were engaged in carpenter work, while Nischan was engaged in brick work, they were engaged in different departments of labor. The facts show, however, that they were all engaged in removing the old posts and placing in new ones. In other words, they were engaged in general repair work on the same job. The brick work was simply an incident to the proper placing of the posts. The common work, therefore, brought Nischan and the other employes into immediate co-operation. Their relations were not like those of employes of different trains or different street cars, who but occasionally come in contact with each other; on the

contrary, they worked side by side, in the same common work. That being true, they were not in different departments or grades of employment, but in the same department and the same grade thereof, and it, therefore, follows that the negligence of each of the other laborers, so far as Nischan is concerned, was the negligence of a fellow servant, and that being true, he cannot recover. Eastern Ky. Home Tel. Co. v. Mellon, 116 S. W., 709; Matthews' Admr. v. Louisville, &c., Ry. Co., 130 Ky., 551; L. & N. R. R. Co. v. Pearcy, 121 S W., 1037; Reliance Textile & Dye Works Co. v. Williams, 136 Ky., 577; Martin v. Mason Hoge Co., 91 S. W., 1146, 28 Ky. L. R., 1333.

But it is insisted that in the pleadings of the defendant it is admitted that Nischan and the carpenters were engaged in different departments of labor, and that, therefore, they were not fellow servants. The material part of the amended petition is as follows:

"Plaintiff amends his petition herein and says the employment of decedent, by defendant, referred to in the petition, was as engineer to manage and operate the machinery in the distillery building on defendant's premises, mentioned in the petition, and at odd times to do small jobs of brick work when necessary, or which he might be requested by defendant to perform; that at the time he was injured, the decedent, in pursuance of said employment and under the direction of defendant's agent, or agents, superior in authority to him, was building a small brick pillar under the edge of, and as a support for, the wood work of a porch or shed attached to the warehouse, on said premises, which was separate and apart from said distillery building, but which defendant was having repaired by carpenters, in its employ for that purpose, who were under separate employment from that of decedent, and who were not directly associated with, or immediately employed with him, and he had no means of knowing their qualification for said work, nor did he have any voice in their selection, or control over their conduct, and could not have protected himself from their carelessness.

The first answer filed to the amended petition contains the following:

"Has not knowledge or information sufficient to form a belief whether or not at the time the decedent is alleged to have been injured he was in pursuance of his

employment, or under the direction of defendant's agent or agents, superior in authority to him, building a small or any brick or other pillar under the edge of or as a support for the wood-work of a porch or shed attached to the warehouse on said premises, or which was separate or apart from the distillery building, and denies that the carpenters alleged to have been employed by the defendant for the purpose or repairing said porch or shed, or any of them, were under separate employment from that of the decedent, and denies that they were not directly associated with and immediately employed with him and denies that he had no means of knowing their qualification for said work and denies that he had no voice in their selection or control over their conduct, and denies that he could not have protected himself from their alleged carelessness.''

The amended answer contains the following denial:

"The defendant, John Hanning Distilling Company, by leave of court, amends its answer to plaintiff's original and amended petition, and says: It denies that at the time the deceased is alleged to have been injured he was in pursuance of his employment, or under the direction of defendant's agent or agents superior in authority to himself, or that the work in which he was engaged was separate or apart from the distillery building; it denies that the carpenters alleged to have been employed by defendant for the purpose of repairing said porch or shed, or any of them, were under separate employment from that of the decedent, or that they were not directly associated with him and immediately employed with him; it denies that the decedent had no means of knowing their qualifications for said work; and it denies that he had no voice in their selection or control over their conduct; denies that he could not have protected himself from their alleged carelessness.''

While it may be true that the first part of the first answer to the amended petition, based upon information and belief, is not sufficient, because defendant was pleading as to facts within its knowledge, yet the mere admission that the decedent was employed as an engineer to manage and operate the machinery in the distillery building, and at odd times to do small jobs of brick work when necessary, or which he might be requested by defendant to perform, and that at the time he was injured, the decedent, in pursuance of said em-

ployment, and under the direction of defendant's agent or agents superior in authority to him, was building a small brick pillar under the edge of and in support of the wood work of the porch or shed attached to the warehouse, which was separate and apart from the distillery building, and which the defendant was having repaired by carpenters in its employ for that purpose, is not sufficient to show that the carpenters and Nischan were not, in fact, fellow servants, because the allegations tending to show that such was the case were all subsequently denied, not only by the original answer but by the amended answer. Both answers present a sufficient denial of the fact of separate employment, and of the further fact that the carpenters were directly associated with, or immediately employed with, Nischan, and that he had no means of knowing their qualifications for said work, or voice in their selection or control over their conduct, and could not have protected himself from their carelessness. The latter were the essential facts tending to show the relation of fellow servant, and being denied in terms, it cannot be said that appellant's pleadings admit that decedent and the carpenters were not fellow servants. There being no admission of this fact, the question is one of law to be determined from the admitted facts as presented in the record. As said before, Nischan was either foreman of or equal in authority to the other employes. In neither event is his administrator entitled to recover. It follows that the trial court should have directed a verdict in favor of defendant.

In view of this conclusion, we deem it unnecessary to consider the propriety of the court's action in setting aside the first verdict and awarding a new trial.

Judgment reversed and cause remanded for proceedings consistent with this opinion.