## Johnson v. Bates & Rogers Construction Company.

(Decided May 30, 1916.)

### Appeal from Mason Circuit Court.

1. Master and Servant—Fellow Servants—Doctrine of in This State. —The fellow servants doctrine prevails in this State with two exceptions. (1) An inferior servant is not a fellow servant with his boss or superior so as to relieve the master of the negligence of the superior servant resulting in injury to the inferior servant under him. (2) Inferior servants are not fellow servants, although of the same grade, if they are employed in a different department of the work.

2. Master and Servant—Fellow Servants.—The members of a crew or gang of men working under a superior, or boss, are fellow servants with the latter so as to relieve the master from liability for the negligent acts of the inferior servant resulting in injury to the superior or boss.

3. **Master and Servant—Rules for Protection of Employes.**—Where the employment is exceedingly hazardous and dangerous, and it is necessary for the proper protection of the employes, that rules should be established by which they should be guided and governed in their work, it would be the duty of the master to enact and promulgate such rules; but this does not apply as to every minute detail of the work, nor in cases where the work is simple, easily understood and attended with no extraordinary hazards.

ALLAN D. COLE for appellant.

FRED FORCHT and STANLEY F. REED for appellee.

OPINION OF THE COURT BY JUDGE THOMAS.—Affirming.

At the time of the accident resulting in the injuries and consequent damages sued for, the appellee (defendant below) was engaged, under a contract with the government of the United States, in constructing a lock and dam upon the Ohio river in Mason county, and the appellant (plaintiff below) was the foreman of a gang or crew of men who were engaged in driving piling in connection with the construction of a coffer dam, it being a part of the entire work covered by the contract. A derrick was employed for the purpose of picking up and swinging the piling to the place where it was intended to drive it. This derrick was in charge of an engineer who, according to the allegations of the petition, operated it when signalled to do so. The derrick was in operation and the crane was swinging around with a piece of piling, which struck the appellant on one of his ankles, resulting in breaking it, and inflicting, perhaps, other less serious injuries. He filed this suit to recover damages therefor, placing the amount at $3,000.00. A demurrer was filed to the petition, which was sustained. The answer was amended, to which another demurrer was interposed, and it was also sustained. Upon declining to plead further, the petition was dismissed, and plaintiff prosecutes this appeal, seeking a reversal of the judgment.

The petition, after setting out the facts above, avers: "That at the time and place aforesaid defendant's engineer in charge of said machinery, who was inferior in service and subject to plaintiff, with gross carelessness and negligence and without any warning or signal from plaintiff, started said machinery in operation and caused said crane to swing said piling or pile toward and against

his left leg, whereby he was struck without any fault on his part; that another one of said gang of men, who was an inferior servant and under his direction and control by the name of Nash, co-operated and concurred with said engineer by means of a rope attached to said pile or piling in the movement thereof, and with gross negligence and without any notice or warning to plaintiff, or order from him, while he himself was in the exercise of ordinary care, thereby caused the said pile to strike him with great force and violence upon his said left leg.''

It will thus be seen that the negligence, if any, charged against the defendant, is that of the engineer in charge of the derrick and that of Nash, his helper, and whose duty it was, as we gather from the pleading, to guide with a rope the piling as it was being swung around and perhaps to convey signals from the appellant to the engineer. Both of them, as alleged in the petition, were inferior servants to the appellant and were each under his immediate supervision and control. As to the construction of that particlar piece of work, in which the gang of men under the appellant were engaged, he occupied the position of vice principal to his master, the appellee, and whatever duties that devolved upon the master as to the mode and method by which that work was to be done and the rules governing the men of the crew in doing it, were matters necessarily delegated to the appellant as such vice principal. From the very nature of things, a corporation principal must lodge such duties with some individual, and it is the rule everywhere, so far as we have been able to ascertain, that in such cases, these duties are to be performed by the boss, foreman, or supervisor of the men engaged in the work, as was plaintiff in this case. Conceding for the purposes of the case, that the engineer in charge of the derrick, or Nash, or both, were in some respects negligent, the plaintiff could not then recover under his allegation, bcause, according to them, they were fellow servants with him, and, under the law of this State, he can not recover of the master for their negligence.

The doctrine of fellow servants at its inception was a very broad one, and went to the extent that if an injury was inflicted by an employe of a common master engaged in the same field of labor, the injured servant could not recover, regardless of the fact of whether the negligent servant through whose act the injury was inflicted was

inferior or superior to the injured servant, and also regardless of the fact of whether the two servants were engaged in the same department of service for their common master. (Sherman & Redfield on Negligence, 3d Ed., page 129; 26 Cyc., 1276.) But this doctrine has in many jurisdictions, including Kentucky, been largely restricted until now an inferior servant is not a fellow servant with a superior so as to relieve the master for the negligence of the latter, although both are engaged in the same department of service; nor is one servant a fellow servant with another one of the same grade but engaged in a different department of service. These modifications of the original doctrine have in more recent times been adopted by the courts, because under it if the injury was inflicted by the negligence of a superior servant in the same department, or by one of equal rank in a different department, the injured servant did not sustain such relationship to the negligent one as that he might know of the qualifications of the latter, nor could he in either instance have an opportunity through such knowledge to provide against, or protect himself against, the negligence of the servant producing his injuries. The doctrine as thus modified, as well as a collation of all the authorities, will be found in 26 Cyc. 1302, and pages immediately following; and in the following cases from this court: Cincinnati, &c. Ry. Co. v. Roberts, 110 Ky. 856; I. C. Ry. Co. v. Josey, 110 Ky. 342; Linck v. Louisville, &c. R. Co., 107 Ky. 370; Greer v. Louisville, &c. R. Co., 94 Ky. 169.

For authorities upholding what is known as "the different department rule" to which we have adverted, see 26 Cyc. 1342; and the following cases from Kentucky: L. & N. R. R. Co. v. Lowe, 118 Ky. 260; L. &c. R. Co. v. Davis, 115 Ky. 270; Dana v. Blackburn, 28 Ky. Law Rep. 695.

As a corollary to what we have said as constituting the fellow servants rule as applicable in this State, one who is engaged in the same department of service, but superior in grade, is a fellow servant with his inferiors, and over whom he exercises a supervisory control so as to relieve the master for injuries inflicted on him through the negligence of the latter. It is expressly so held by this court in the two cases of John Hanning Dist. Co. v. Nischan's Admr., 149 Ky. 683; and Edmondson v. Ky. Central Ry. Co., 105 Ky. 479.

In the first case mentioned, the decedent was foreman of a crew of men engaged in removing some old posts under a shed belonging to the master and substituting therefor new ones. One of the new posts next to the one upon which the decedent at the time was at work, fell striking the deceased and injuring him to such an extent that he died therefrom. The negligence complained of was that of some members of the crew in handling or adjusting the post which fell and which produced the injury. It was shown that the deceased was foreman of all of the carpenters and members of the crew engaged in making the repairs. This court denied liability of the master because the decedent, being a superior servant, was a fellow servant with those employed under him and whose negligence produced the injury, said:

"In this State, the fellow servant doctrine prevails with two exceptions; first, where the servant is injured by the gross negligence of another servant superior in authority to him; second, where the servant is injured by the negligence of another servant in a different department or grade of employment. Louisville Railway Co. v. Martin Hibbitt, 129 S. W. 319, 139 Ky. 43; Milton's Admr. v. Frankfort & Versailles Traction Co., 139 Ky. 53. As before stated, McAtee, Porter and Pate were not superior in authority to Nischan. If Nischan was not their foreman, they were all equal in authority. Counsel for appellee insists that because they were engaged in carpenter work, while Nischan was engaged in brick work they were engaged in different departments of labor. The facts show, however, that they were all engaged in removing the old posts and placing in new ones. In other words, they were engaged in general repair work on the same job. The brick work was simply an incident to the proper placing of the posts. The common work, therefore, brought Nischan and the other employes into immediate co-operation. Their relations were not like those of employes of different trains or different street cars, who but occasionly come in contact with each other; on the contrary, they worked side by side, in the same common work. That being true, they were not in different departments or grades of employment, but in the same department and the same grade thereof, and it, therefore, follows that the negligence of each of the other laborers, so far as Nischan is concerned, was the negligence of a fellow servant, and that being true, he can not recover.

Eastern Ky. Home Tel. Co. v. Mellon, 116 S. W. 709; Matthews' Admr. v. Louisville, &c. Ry. Co., 130 Ky. 551; L. & N. R. R. Co. v. Pearcy, 121 S. W. 1037; Reliance Textile & Dye Works Co. v. Williams, 136 Ky. 577; Martin v. Mason Hoge Co., 91 S. W. 1146; 28 Ky. L. R. 1333.''

In the Edmonson case, the conductor of a train lost his life through the alleged negligence of the engineer. It was shown and was conceded that the conductor had charge of the train and was, in this sense, superior to the engineer; but a recovery was denied because the negligent inferior servant (the engineer) was a fellow servant with the deceased superior servant (the conductor). The court, in the course of the opinion, said:

''Negligence on the part of the engineer was quite well established by the evidence, it being shown that the engine was backed at a rate of speed much higher than was proper when making a coupling. But it was averred, and not denied, that the conductor was the chief officer in charge of the train at the time he was killed. Whether this was true or not, the engineer was his fellow servant, and certainly no higher in grade or authority than the conductor.''

The only additional ground of negligence alleged in the amended petition and to which a demurrer was sustained, is, that it was the duty of the defendant ''to enact, adopt, promulgate, and enforce a rule, or rules, requiring the engineer in charge of the engine and derrick and the men working in connection with the engineer not to start or operate said engine and derrick, or the appliances connected therewith,   *   *   *   until said engineer, or some one directly connected with him in control of said machinery, had first received a signal from the plaintiff to start or operate the engine and derrick;'' and also a rule or rules requiring the engineer and those working with him not to start the derrick or the machinery conveying the piling until he had been notified that the signal which plaintiff gave to start it had been received by the engineer, or those working with him.

In the first place, it has never been determined, so far as we are able to learn, that rules such as are contended for, should be enacted, promulgated, or enforced by the master with reference to the minor details of doing the work. Where the work is not complicated, but simple, and where openly done and in such a manner as that its progress may be easily observed, there exists no neces-

sity for such rules, and especially so for the protection of one who is actually supervising the work. Knickerbocker Ice Co. v. Smith, 91 N. E. R., 28; LaBatt on Master and Servant, 1115 Note 4-a; Shuster v. Philadelphia B. & W. R. Co., 62 A. 689; 4 L. R. A. (N. S.) 407; Wagner v. New York C. & St. L. R. Co., 78 N. Y. S. 696; 76 App. Div. 552; Wagner v. City of Portland, 40 Or., 389; Johnson v. Portland Stone Co., 67 P. 1013; 40 Or. 436; Johnson v. Portland Granite & Stone Co., 68 P. 425; 40 Or. 436; Blust v. Pacific States Tel. Co., 84 P. 847; 48 .Or. 834; Parmelee v. International Refining Co., 83 A. 957; Corrigan v. Newdell's Lumber Co., 143 N. W. 666; 154 Wis. 586; Wood v. Potlatch Lumber Co., 213 F. 591; 130 C.·C. A. 171.

The doctrine laid down in the two cases of ·C. & O. Ry. Co. v. Barnes' Admr., 132 Ky. 728, and C., N. O. & T. P. Ry. Co. v. Lowell's Admr., 141 Ky. 249, are not in conflict with what we have said, because it will be found upon a reading of them that what this court said therein relative to rules was to be applied to exceedingly dangerous and hazardous work, such as the running and operating· of trains. In the latter case, it is said: "The business in which railroad operatives are engaged is exceedingly hazardous.   *   *   *   Rules and regulations are necessary in the conduct of the business of railroading, and when reasonable and not against public policy, they should be, and are, looked upon with favor by the courts." The same was in substance said in the Barnes case. The character of work in which the appellant received his injury, herein sued for, as we have seen, was simple and attended with no such dangerous or hazardous possibilities as is that of operating railroad trains, and the reason for the promulgation and enforcement of rules, as was recognized in the two cases referred to, has no application under the facts of this case. It, however, is not alleged in the amendment that plaintiff would not have received his injury if there had been such rules as he contends for, governing the engineer and his assistants in the handling of the piling; but, however this is, it is evident that it was the duty of the appellant, as foreman and supervisor of the work, to himself promulgate and enforce such rules, if any, as might be necessary to safeguard himself and other employes about the work from accidents and consequent injuries. We do not regard the record as presenting such a condition as demanded of the

master the enactment or enforcement of rules regulating the handling of the piling with the derrick; but, if so, it was the duty of the appellee, as vice principal to his master, to have himself done so.

The trial court having so decided in sustaining the demurrer to the petition, as amended, the judgment is affirmed.